[No. 9016. Department One. — December 19, 1885.]

## D. J. MEREHIN ET AL., RESPONDENTS, v. GARDNER BALL ET AL., APPELLANTS.

SALE OF WOOL — GRADERS' REJECTION — LIABILITY OF VENDEE. — The action was brought to recover the price of certain wool sold and delivered by the plaintiffs to the defendants, subject to graders' rejection. By the term "graders' rejection" was meant that the defendants upon receipt of the wool should cause it to be examined, fleece by fleece, by wool graders, for the purpose of ascertaining what portion, if any, was taggy or scabby, and that for such portion, the plaintiffs, after being notified thereof by the defendants, should allow them a proportionate deduction from the purchase price. The defendants retained possession of all the wool, but refused to pay for a portion, on the ground that it had been rejected by the graders, and so notified the plaintiffs. The latter refused to abide by the rejection, for the reason that the graders had not examined the wool fleece by fleece. The defendants thereupon offered to have the rejected portion so examined, but the plaintiffs refused. *Held*, that it was the duty of the defendants to have had the grading conducted fleece by fleece, and that having failed to do so, and retained possession of the wool, they were liable for the entire amount delivered, at the agreed price.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts are stated in the head-note and opinion of the court.

*Chickering & Thomas*, for Appellants, cited *Dennis* v. *Alexander*, 3 Pa. St. 50; *Fuller* v. *Bean*, 34 N. H. 290; *Ward* v. *Shaw*, 7 Wend. 40; *Caruthers* v. *McGarvey*, 41 Cal. 15.

*Mich. Mullany*, and *Joseph Hutchinson*, for Respondents.

ROSS, J.—.The complaint charges, and defendants by their pleading admit, that the plaintiffs sold and delivered to defendants a certain lot of wool at the rate of twenty and one half cents per pound, "subject to graders' rejection." It is alleged in the complaint that the term "graders' rejection" was understood by the parties to mean, and is generally understood among wool dealers

in the city of San Francisco, where the transaction occurred, to mean, that upon the receipt of the wool by the defendants they should place it in the hands of persons skilled in grading wool, known as wool graders, for the purpose of ascertaining what portion, if any, of the wool is taggy and scabby; and if any portion of it should be found to be taggy and scabby, that defendants should forthwith notify plaintiffs, and furnish them with a certificate of the graders to that effect, giving the weight and amount of the wool found taggy and scabby, which should be deducted from the gross amount delivered to the defendants and returned to plaintiffs, and the balance of such gross amount should be paid for forthwith at the rate per pound agreed on,—plaintiffs to be apprised of the result of the grading within a reasonable time, in this case ten days, from the delivery of the wool to defendants.

The meaning of the term "graders' rejection," as alleged by the plaintiffs, is not controverted by the defendants, except they allege in their answer that it also includes the right of the graders to reject any or all wool of a substantially different character from that purchased.

Thirty-three of the forty sacks of the wool delivered to defendants were graded and accepted by defendants and by them shipped East; and they also took from one or two of the remaining sacks enough wool to fill an order they then had. But all these remaining sacks the defendants claimed to have been rejected by the graders, and that the plaintiffs were notified of such fact within a reasonable time. But the plaintiffs, upon receiving the notice, contended that the wool had not been graded in accordance with the custom and the understanding of the parties, in that the bales claimed to have been rejected were not examined fleece by fleece, and refused to abide by the rejection. At the trial in the court below a good deal of testimony was given as to the custom in San

Francisco in respect to the mode of grading,—that on the part of the plaintiffs tending to show that the custom requires the grading to be done fleece by fleece, whereas that on the part of the defendants tended to show that by the custom prevailing among dealers in wool at that place it was sufficient for the graders to rip the sack open from one end to the other, and through such opening conduct their examination. Without conflict, the evidence shows that the latter was the method adopted by the graders in this instance. But appellants' counsel say that the evidence also shows, without conflict, that when the plaintiff objected to the report of rejections made by the graders the defendants at once offered to have the remaining sacks graded fleece by fleece, and plaintiffs refused. But notwithstanding such refusal, it was not only the right but the duty of defendants to have the grading conducted fleece by fleece; for in view of the verdict upon the conflicting evidence, we must take it that the custom so required. They failed in that duty, although retaining the wool in their possession, and, so far as appears, still retaining it. Such being the case, we are of opinion that they became liable to the plaintiffs for the full amount delivered to them at the rate per pound agreed on. A part of this amount was paid prior to the bringing of the action, and for the balance the plaintiffs properly recovered judgment in the court below.

Judgment and order affirmed.

McKEE, J., and McKINSTRY, J., concurred.